IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M.H.,<br><br>Petitioner,<br><br>vs.<br><br>CALIFORNIA CITY ICE DETENTION,<br><br>Respondent. | Civil No. 1:26-cv-05984-MWJS<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS<br><br>A# 240-947-792 |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner David M.H.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. Petitioner entered the country without inspection over two decades ago and has continuously resided within the United States for at least 22 years. *David M.H. v. Chestnut*, No. 1:26-cv-03032-MWJS, 2206 WL 1337939, at *1 (E.D. Cal. May 13, 2026). He was convicted of misdemeanor driving under the influence in Utah in 2025, and upon his release from local law enforcement custody in January 2026, Petitioner was taken into custody by Immigration

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

and Customs Enforcement (ICE). *Id.* ICE then commenced removal proceedings against Petitioner pursuant to 8 U.S.C. § 1229a. *Id.*

In his first habeas petition, Petitioner argued that he was entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* The court granted the petition in part, and Petitioner received a bond hearing on May 20, 2026. *See* Status Report, *David M.H. v. Chestnut*, No. 1:26-cv-03032-MWJS (E.D. Cal. May 22, 2026), Dkt. No. 16. At the conclusion of that hearing, an immigration judge (IJ) found that Petitioner was a danger to the community and denied his request for a change in custody status. *Id.* at Dkt. No. 16-1.

A little over two months later on July 30, 2026, Petitioner signed a second habeas petition. *See David M.H. v. Cal. City ICE Detention*, No. 1:26-cv-05984-MWJS, Dkt. No. 1 (E.D. Cal. July 30, 2026). In it, Petitioner argued that his detention was unlawful because of its duration. At the time, Petitioner had been detained for "going on 8 months." *Id.* at pg. 6. Respondent initially opposed the petition, *see* Dkt. No. 8, but on August 14, 2026, Respondent filed a motion to dismiss the petition. Dkt. No. 9.

There was a reason for that change in Respondent's approach: also on August 14, an IJ had ordered Petitioner removed from the United States. Dkt. No. 12-1. Both the government and Petitioner waived appeal, *see id.*, so "[a]s a result of that waiver, the IJ's decision was instantly rendered 'administratively final,' and Petitioner thereby became subject to a final order of removal that same day." *V.R. v. U.S. Immigr. &*

*Customs Enforcement*, No. 1:26-cv-04279-MWJS, 2026 WL 1965908, at *2 (E.D. Cal. July 7, 2026) (citing 8 C.F.R. § 1241.1(b)). And as a result of that final order of removal, the government became obligated by law "to mandatorily detain Petitioner for 90 days following the entry of [that] final order of removal." *Id.* at *1 (citing 8 U.S.C. § 1231(a)). Respondent therefore asserts that the government "has an unequivocal statutory obligation to detain Petitioner and to effect his removal," which is consistent with the requirements of due process and therefore requires the dismissal of Petitioner's habeas petition. Dkt. No. 9, at pg. 3.

This case was reassigned to the undersigned district judge based on its relationship to Petitioner's prior petition.[2] *See* Dkt. No. 10. Respondent renewed its motion to dismiss, Dkt. No. 12, and the court ordered Petitioner to file an opposition or statement of non-opposition to Respondent's motion by September 2, 2026. Dkt. No. 13. Petitioner did not timely file an opposition or statement of non-opposition (and indeed has not made any submission in this case beyond filing his original petition on July 30). Respondent therefore asks the court to treat the matter as submitted and to resolve its motion to dismiss. Dkt. No. 14.

---

[2] Before the case was reassigned to the undersigned district judge, the matter was referred to Chief United States Magistrate Judge Carolyn K. Delaney pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Dkt. No. 3. Because the court now resolves the petition through this order, it withdraws that reference.

The government cites the Ninth Circuit's decision in *Khotesouvan v. Morones*, 386 F.3d 1298 (9th Cir. 2004), in support of its argument that Petitioner's detention pursuant to § 1231(a)(2) complies with the requirements of due process. *See* Dkt. No. 12, at pg. 3. That case involved immigration detainees who "filed their habeas petitions before the 90-day statutory removal period had expired." *Khotesouvan*, 386 F.3d at 1299. As an initial matter, the court acknowledged that the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), had applied a "due process analysis and remedy" to detention under a different provision of the Immigration and Nationality Act—8 U.S.C. § 1231(a)(6)—in order to "avoid the serious constitutional threat that a person could be held indefinitely, perhaps permanently, in civil confinement without recourse to judicial review and without having been convicted of criminal charges." *Id.* at 1300. But the court distinguished the analysis of detention under § 1231(a)(6) from the issue presented by a noncitizen's detention pursuant to § 1231(a)(2). As the court explained, "the *Zadvydas* due process analysis does not extend to § 1231(a)(2)" because "the danger of 'indefinite, perhaps permanent' civil confinement does not exist when the government is holding an alien under § 1231(a)(2)," a provision that authorizes detention "for 90 days only." *Id.* at 1301 (cleaned up); *see also V.R.*, 2026 WL 1965908, at *2 (explaining that "[i]f the government has not been able to remove the noncitizen at the conclusion of 90 days, . . . then the removal period ends and the 'statutory basis' for detention 'shift[s] from § 1231(a)(2) to § 1231(a)(6)" (citing *Diouf v. Mukasey*, 542 F.3d 1222, 1231 (9th Cir. 2008)).

Accordingly, the Ninth Circuit concluded that "[b]ecause petitioners filed their habeas petitions during the 90-day removal period," it was appropriate for the district court to dismiss their petitions. *Khotesouvan*, 386 F.3d at 1301.

It is plain that Petitioner is currently detained pursuant to § 1231(a)(2), based on the entry of a final order of removal in his immigration case on August 14, 2026. Although he has been given the opportunity to do so, Petitioner has not disputed that fact or opposed the government's arguments about its significance. The court therefore finds that as of the date of this order, Petitioner has been detained pursuant to § 1231(a)(2) for 31 days since the date of the entry of the final order of removal. And because a noncitizen "cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed" since his removal order became final, the petition must be denied. *Khotesouvan*, 386 F.3d at 1299 & n.3; *see generally Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (explaining that a district court must dismiss a petition if, "after providing the petitioner with adequate notice and an opportunity to respond," it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" (cleaned up)); *see also E.D. v. Warden*, No. 1:26-cv-02938, 2026 WL 1283427, at *2 (E.D. Cal. May 11, 2026) (denying the petition of a petitioner "detained for less than 30 days since his order of removal became final").

The court therefore DISMISSES the petition without prejudice. Considering the foregoing, any outstanding motions are DENIED without prejudice. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: September 15, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge